Catron, Ch. J.
delivered the opinion of the court.
Johnston owed Searcy and Marshall, and assigned them J. Gunter’s note; due .one day after date, and dated the 29th January, 1S30. It was assigned the first of June, 1830, and by the assignment no demand or notice was required. Of course Johnston stood on the foot of an assignor who has been fixed with notice.
Searcy and Marshall did not sue Gunter, the maker, *185 who continued solvent for fifteen months after the note was assigned, and then become unable to pay.
On the 13th of September, 1831, Searcy and Marshall sued Johnston, the endorser; in the previous August Gunter had become insolvent.
The defendant’s counsel requested the circuit court to charge the jury, that by retaining the note for fifteen months and not sueing on it when the drawer was solvent, he thereby made it his own; and if the jury were of opinion that it could have been recovered in that time from the drawer, the defendant was not liable.
The court refused so to charge, but charged that, if thq, defendant requested the plaintiff to commence suit against Gunter, the drawer of the note, and he did not commence within thirty days after that time, that then the endorser would be discharged; but if he did not so request, the defendant would be liable.
The thirty days noticé referred to by the court, we take for granted, must have been given as required by the act of 1801, ch. 18, written of course. Ch. Kent says most truly, in King vs. Baldwin, (2 J. C. C. 557,) “there is nothing more dangerous than to impair the force and effect of solemn contracts in writing, by careless, idle, and perhaps unmeaning conversations.” There is no evidence that any request was made that the defendants sue Gunter.
This brings it to á simple case of delay. The established doctrinéis, “that mere delay in calling on the principal will not discharge the surety.” King vs. Baldwin, 2J. C. C. 559, per Kent: Id John. 134:2 Wheat. 557: 3 Bos. and Pull, 61.
Judgment affirmed.